## HAZLETT v. BURGE *et al.*

1. Executor and administrator: CONTRACT OF ADMINISTRATOR. An administrator has no power to bind the estate by a contract with a creditor thereof, that he will secure the conveyance to him, in payment of his claim, of certain land belonging to the estate.

2. —— BARRED CLAIM: EQUITABLE RELIEF REFUSED. While a creditor may, under some circumstances, have the administration of an estate, which has been closed, re-opened, and his claim allowed, he cannot have this done where the facts do not fully negative negligence on his part, nor sufficiently excuse him from the duty of having his claim allowed within the time fixed by statute.

*Appeal from Linn District Court.*

SATURDAY, JULY 6.

ESTATES OF DECEDENTS: CONTRACTS OF ADMINISTRATOR, ETC.—The court sustained a demurrer to the petition, from which ruling plaintiff appeals. The petition, filed in April, 1866, in substance, alleges, that in 1859 one Waln,

deceased, executed a note for over $400 of which plaintiff is the owner. That Waln died in June, 1860, and the defendant Burge, in July, 1860, was appointed his administrator. That in October, 1861, the note being unpaid, the plaintiff filed the same in the County Court of Linn county, and duly made 'oath to the correctness of his claim which consisted of the note. That about that time (October, 1861), Burge, as administrator, with a view to save expense to the estate and for the purpose of settling the claim of the plaintiff most advantageously to the estate, proposed to secure the plaintiff a good and sufficient conveyance of a certain parcel of land (which is particularly described in the petition), belonging to the estate, in payment of the plaintiff's claim. That plaintiff accepted the proposition and relied upon the administrator to fulfill his undertaking. That the administrator neglected to take the proper steps to obtain plaintiff a deed, but always treated the premises as the plaintiff's and made no account thereof in his administration of the estate. That, in consequence, the plaintiff neglected to have his claim proved up and allowed against the estate, and the administrator took no account thereof in his report as such administrator. That he closed his administration in June, 1865, and plaintiff had no knowledge of his failure and neglect to secure him a deed, until after the administration was closed. That the land was and is worth less than the plaintiff's claim. The administrator and heirs of Waln are made defendants. Prayer for title to the land, pursuant to the alleged contract with the administrator, and for general relief. To this petition (all the material portions of which are above set out) the defendants demurred.

1. Because the facts stated show no cause of action.

2. Because the administrator had no authority to make a contract for the sale or disposition of the real estate.

The demurrer was sustained and the plaintiff appeals.

*Smyth & Young* for the appellant.

*Thomas Corbett, Thompson & Davis*, and *Daniel Lothian* for the appellees.

1. The courts will not enforce a contract made in violation of a statute; or against the policy of the law. Revision of 1860, section 2393, says, that the executor may allow a claim with the correctness of which he is satisfied, and with the approbation of the county judge, and not otherwise. 2 Bish., M. & D., § 75; *Booth* v. *Hodgson*, 6 T. R., 405; *Fales* v. *Mayberry*, 2 Gallis, 560; *Willinck* v. *Davis*, Harp., 260; *Den* v. *Moore*, 2 South., 470; Ham. Dig., pp. 219, 827; *Bancroff* v. *Dumos*, 21 Vt., 456.

2. Plaintiff had no right to rely upon representations made in violation of law, and if he did, it was his own folly, and the law will not release him. 2 Parson's Cont., 773, note *b*; *Clapton* v. *Cozart*, 13 Smedes & M., 363; *Anderson* v. *Bennett*, 5 How. (Miss.), 165; *Connersville* v. *Wadleigh*, 7 Blackf., 102.

And plaintiff must have known that defendant had no authority to fulfill or perform the contract, every person is presumed to know the legal effect of the agreement entered into, and has no right to rely upon the statement of the other party when made in violation of law. *Lewis* v. *James*, 4 B. & C., 506; *Russell* v. *Branham*, 8 Blackf. 277; *Starr* v. *Bennett*, 5 Hill, 303.

DILLON, J.—It is stated in argument, that the petition was framed with the understanding that the proceeding would be amicable, and that all parties in interest would consent to the relief asked. It falls out, however, that this is not the case, and a demurrer to the petition presents the question whether the plaintiff has made a case entitling him to relief.

It is obvious that the main, if not only design of the petition, was to have a specific execution of the alleged

Hazlett v. Burge.

**1. EXECUTOR AND ADMINISTRATOR: contract of administrator.** contract with the administrator, whereby plaintiff was to receive a parcel of land in satisfaction of his claim against the estate. That the administrator had no power to make such a contract is too plain for discussion, and that he had such power is not contended for in the appellant's argument. He cannot bind the heirs by any agreement to dispose of land in payment of claims against the estate. The heirs object, and, hence, as against them, the plaintiff cannot have a specific execution of the alleged contract with the administrator. The plaintiff also asked general relief.

Notwithstanding an estate may be closed, a creditor may have an equity to have the matter re-opened and his claim **2. —— barred claim: equitable relief refused.** allowed. The right to such relief depends upon various circumstances, such as absence of inexcusable neglect on the plaintiff's part, the solvency of the estate, etc., etc. Upon examining the petition we do not see enough averred to entitle the plaintiff to re-open the administration, or to call on the heirs to refund or contribute out of their inheritance, to pay his claim. Plaintiff's claim was not allowed, and could not be, without the approbation of the county judge. Until this was done, the plaintiff had no established claim. No facts are stated which sufficiently excuse plaintiff from the duty of securing an allowance of his claim. Nor do the facts stated, negative negligence on the plaintiff's part for not moving in the matter for nearly four years, and until after the estate was settled. It is possible that the knowledge and conduct of the administrator and heirs, and the situation of the estate, may be such as to entitle the plaintiff to relief in some direction. In affirming the ruling of the court on the petition as it stands, we also order the cause to be remanded with leave to plaintiff to amend his petition if he is so advised.

Affirmed.