### WICKHAM v. HULL et al.

(Circuit Court, N. D. Iowa, Cedar Rapids Division. March 24, 1894.)

1. NATIONAL BANKS—ASSESSMENT ON STOCK—LIABILITY OF ESTATES.
   The estate of a deceased owner of national bank stock is liable (Rev. St. § 5152) to an assessment levied against his executors in consequence of the failure of the bank after his death.

2. SAME—FEDERAL JURISDICTION—ESTATES IN POSSESSION OF PROBATE COURTS.
   A federal court is not deprived of jurisdiction—otherwise vested in it— of a suit against the executors of an estate by the fact that the estate is in the possession of a state probate court for purposes of administration; and the federal court has jurisdiction to adjudge whether a liability exists, but cannot issue execution to enforce the same.

**3. SAME—LIMITATION OF ACTIONS.**
> An action was brought against the executors of an estate to establish its liability for an assessment on certain shares of national bank stock. The estate was at the time in possession of an Iowa probate court for purposes of administration, for which reason the federal court could not enforce the liability, if adjudged to exist. Defendants set up the limitation contained in the Iowa statute (Code, § 2421) regulating the settlement of estates. *Held,* that the federal court would not pass upon the question whether this provision debarred complainant from sharing in the estate, for, as the claim established in the federal court must be presented for allowance in the probate proceedings, the better practice was to remit the question to the probate court.

This is a bill filed by A. W. Wickham, as receiver of the First National Bank of Ellsworth, Kan., against Nelson Hull and John T. Liddle, executors of the last will of O. N. Hull, deceased, to enforce collection of an assessment upon certain shares of capital stock of the bank, belonging to the estate. The cause is submitted on bill and answer.

Mills & Keeler, for complainant.
C. J. Deacon, for defendants.

SHIRAS, District Judge. This cause is submitted to the court upon the bill and answer, from which the following facts are gathered: On the 11th day of September, 1884, the First National Bank of Ellsworth, Kan., was organized under the provisions of the national banking act, having a capital stock of $50,000, and it continued in business until January 26, 1891, when it closed its doors. On the 11th day of February, 1891, the complainant was duly appointed receiver of said bank by the comptroller of the currency, and on the 11th day of December, 1891, the said comptroller made an assessment of 70 per cent. upon the capital stock of said bank, and authorized the receiver to enforce the payment of such assessment against the stockholders of the bank. Previous to December, 1889, O. N. Hull, then a resident of Cedar Rapids, Iowa, had become the owner of 40 shares of the capital stock of said bank. On the 16th day of December, 1889, said O. N. Hull died, leaving a will, which was, on the 14th of January, 1890, duly admitted to probate in the district court of Linn county, Iowa, and the defendants, Nelson Hull and John T. Liddle, were duly confirmed as executors, and notice of their appointment was given by publication for three successive weeks, as required by the statute of Iowa, the first publication being made on the 19th of January, 1890. At the time of the death of O. N. Hull, 20 shares of the capital stock of the named bank were held by certain creditors of said Hull, having been previously pledged to them, and the executors, shortly after the probate of the will, redeemed said shares of stock by paying the indebtedness for which the same had been pledged, and on February 26, 1890, they surrendered the certificates to the bank, and procured the issuance of a new certificate for said 20 shares, the same being issued to them as executors of said O. N Hull, deceased.

The present suit was commenced on the 12th day of June, 1893; it being averred in the bill that on the 26th day of January, 1891,

when the bank ceased to do business, the defendants, as executors of said O. N. Hull, deceased, owned and held 20 shares of the capital stock of said bank, and had failed to pay the assessment thereon, as well as the assessment upon such other shares of stock as belonged to the estate. The bill prays for a disclosure of the total number of shares of said stock belonging to said estate, and for a decree ordering payment by defendants of the amount found to be due upon the assessment made upon the capital stock. In view of the express declaration, found in section 5152, Rev. St., that executors holding stock in a national bank shall not be personally liable as stockholders, it cannot be and is not claimed that a decree should go against the defendants personally, but only in their representative capacity, and to be satisfied out of the assets of the estate.

The first position taken by the defendants is that no claim exists against the estate; that when O. N. Hull died the bank was then a going concern, and his liability to be assessed upon the shares of stock owned by him was merely a contingency; and that his estate in the hands of his executors can only be subject to the payment of such demands as were existing claims at the time of the death of the testator. The liability to respond to assessments made upon the capital stock is purely statutory in its origin, and the extent and nature of the obligation is determined by the provisions of the statute creating the same. Section 5151 of the Revised Statutes enacts that "the shareholders of every national banking association shall be held individually responsible, equally and ratably, and not one for another, for all contracts, debts and engagements of such association, to the extent of the amount of their stock therein, at the par value thereof, in addition to the amount invested in such shares." Under the provisions of this section there existed a personal liability against O. N. Hull for all contracts, debts, and engagements of the bank in force at the date of his death. After his death no additional liability could be created against O. N. Hull personally by the creation of new debts or obligations on part of the bank. Provision for such cases is made in section 5152, Rev. St., in which it is enacted that "persons holding stock as executors, administrators, guardians or trustees, shall not be personally subject to any liabilities as stockholders; but the estates and funds in their hands shall be liable in like manner and to the same extent as the testator, intestate, ward or person interested in such trust funds, would be if living, and competent to act and hold the stock in his own name." Upon the death of a stockholder the legal title of the shares may pass to his executor or administrator, but the liability for the debts of the bank does not follow the transfer of the title to the executor or administrator, but the statute declares that the liability for the debts shall attach to the estate of the deceased. In other words, the estate is put in the place of the deceased owner, and the statutory liability will exist against the estate, and not against the executor individually.

In Richmond v. Irons, 121 U. S. 27–55, 7 Sup. Ct. 788, it was contended that the personal liability of the intestate for assess-

ments upon the capital stock did not survive as against an administrator, nor as against the funds of the estate in his hands; but this contention was overruled, it being held that under the provisions of the national bank act "the individual liability of the stockholders is an essential element in the contract by which the stockholders became members of the corporation. It is voluntarily entered into by subscribing for and accepting shares of stock. Its obligation becomes a part of every contract, debt, and engagement of the bank itself, as much so as if they were made directly by the stockholder instead of by the corporation. There is nothing in the statute to indicate that the obligation arising upon these undertakings and promises shall not have the same force and effect, and be as binding in all respects, as any other contracts of the individual stockholder. We hold, therefore, that the obligation of the stockholder survives as against his personal representatives." Under the ruling of the supreme court in that case, if at the time of the death of O. N. Hull there existed a personal liability against him under the provisions of section 5151, Rev. St., such liability would survive against his executors; and, if the liability was created after his death, and while the shares of stock formed part of his estate, then, under the provisions of section 5152, the estate became responsible for such liability, and under either state of facts a claim would exist against the estate.

It is further contended on part of the defendants that, granting the existence of a claim against the estate, there is a lack of jurisdiction in this court to grant any relief in the premises, on the ground that the property of the estate is in the possession of the district court of Linn county, Iowa. From the admitted allegations of fact in the bill and answer contained it appears that the complainant was, when the suit was brought, and continues to be, a citizen of the state of Kansas, and sues in the capacity of a receiver of a national bank; and the defendants were, when the suit was brought, and continue to be, citizens of the state of Iowa, and residents of the northern district thereof. If no relief can be granted in the case except a decree interfering with the possession of the property of the estate now held by the district court of Linn county acting as a probate court, then the objection to the exercise of jurisdiction would be well taken, notwithstanding the fact that the complainant and defendant are citizens of different states. Thus, in Byers v. McAuley, 149 U. S. 608, 614, 615, 13 Sup. Ct. 906, a case in which the authorities are fully cited, it is held that "it is a rule of general application that where property is in the actual possession of one court, of competent jurisdiction, such possession cannot be disturbed by process out of another court;" and, further, that: "An administrator appointed by a state court is an officer of that court. His possession of the decedent's property is a possession taken in obedience to the orders of that court. It is the possession of the court, and it is a possession which cannot be disturbed by any other court."

It appearing in this case that the will of O. N. Hull was filed for probate in the district court of Linn county, and that the estate

is being administered by that court, it follows, as is held in Byers v. McAuley, that the executors cannot be compelled to submit to the orders of two courts of different jurisdiction, touching the distribution of the property in their hands belonging to the estate; and, as the jurisdiction of the state court had attached before this suit was brought, this court is debarred from interfering with the possession and control of the property forming the estate which is being administered in the state court. But it is also expressly held in Byers v. McAuley that the fact that the possession of the property of an estate belongs to the court which has undertaken to administer the same under the laws of the state does not prevent the courts of the United States from taking jurisdiction over suits brought by citizens of a state other than that whereof the executor or administrator is a citizen for the purpose of establishing a debt or claim against the estate, or for the purpose of settling the share in the estate belonging to the plaintiff, or other like purposes; and in support of this principle the cases of Payne v. Hook, 7 Wall. 425; Yonley v. Lavender, 21 Wall. 276; Hess v. Reynolds, 113 U. S. 73, 5 Sup. Ct. 377; and Borer v. Chapman, 119 U. S. 587, 7 Sup. Ct. 342,—are cited. These authorities clearly establish the rule that the principle of noninterference with the possession and control of a court of probate over the property of an estate being administered by it does not defeat the right of other courts to hear and adjudge the question of the existence of the debts due from the deceased testator or intestate. Therefore, in the case now before this court, the fact that the estate of O. N. Hull is now in process of administration before the district court of Linn county, Iowa, does not defeat the jurisdiction of this court over the question whether, under the statutes of the United States, a liability on part of that estate was or was not created by the assessment ordered by the comptroller on the shares of the capital stock of the First National Bank of Ellsworth. That question can be heard and determined without interfering with the possession of the property by the state court.

The limitations on such a judgment, however, are clearly stated in Yonley v. Lavender, supra, and Byers v. McAuley, supra, in which it is held that the judgment creates no lien upon the property of the estate, nor does it authorize the levy of an execution for its enforcement. The judgment simply determines the existence of a claim against the estate, and adjudges the amount thereof, "but the debt thus established must take its place and share of the estate as administered by the probate court, and it cannot be enforced by process directly against the property of the decedent." Byers v. McAuley, 149 U. S. 620, 13 Sup. Ct. 906. As the bill in this case is so framed as to allow a decree determining solely the question of the existence of liability on part of the estate of O. N. Hull for the assessment made by the comptroller, it follows that the court has jurisdiction to determine that issue.

As a further defense, the answer contains a plea of the statute of limitations, based upon sections 2420 and 2421 of the Code of Iowa, which establish the order in which claims against estates

are to be paid, ranging them in five classes, and which declare that "all claims of the fourth of the above classes not filed and proved within twelve months of the giving of the notice aforesaid, are forever barred, unless the claim is pending in the district or supreme court, or unless peculiar circumstances entitle the claimant to equitable relief." Counsel for the defendants has submitted a very full brief of the authorities upon the general question of the availability of state statutes of limitation as defenses to suits pending in the courts of the United States, but the record does not present this general question. The answer does not set forth a plea based upon any one of the several clauses of the statute existing in Iowa which limits the time within which the actions named therein may be brought, and therefore the record does not present the mooted question whether these provisions of a state statute can be availed of to defeat a suit in a court of the United States based upon a cause of action created by an act of congress, as in the case of suits for infringements of patents, for the collection of assessments on national bank shares, and other like matters; or whether the right to plead the state statute is restricted to causes of action which come within the legislative jurisdiction of the states.

The limitation actually pleaded in the answer is that contained in section 2421 of the Code, which is part of the chapter regulating the settlement of estates, and the powers and duties of the courts of probate of the state. The question whether the provisions of that section debar the complainant from sharing in the estate will properly come up when application is made to the probate court for leave to file the claim in the court. Even if it be true that this court might pass upon the question, it is certainly true that, unless previously adjudicated, the probate court has full jurisdiction to determine all questions arising under the provisions of section 2421 of the Code of Iowa; and, in my judgment, it is the better practice to leave the decision of the plea based on the state statute to the state court.

As already pointed out, this court cannot award execution to complainant, nor otherwise enforce payment of the claim, and of necessity the complainant must resort to the probate court in order to share in the proceeds of the estate. It is when application is made to the probate court that the question arises whether, by reason of the lapse of time, the creditor is debarred from sharing in the estate; and hence, waiving the question of the jurisdiction of this court, I hold it the better course to remit the decision of the matter to the state court. The decree of this court will therefore be limited to the question whether the assessment made by the comptroller upon the capital stock of the bank perfected a claim against the estate of O. N. Hull, and, if so, for what amount.

It being admitted that the estate held 40 shares of the capital stock at the date of the assessment, 20 of which stood in the names of the executors, and that the call was for 70 cents on the dollar, I hold that when said assessment was made a claim for $3,040 was thereby perfected against said estate of O. N. Hull. Decree accordingly.