## PARKER v. ROBINSON.

### (Circuit Court of Appeals, First Circuit. November 15, 1895.)

### No. 143.

NATIONAL BANKS—STOCK ASSESSMENT—EXECUTOR'S LIABILITY.

An executor who receives certificates of national bank stock as part of the assets of decedent's estate, and includes them in his inventory returned to the probate court, is a shareholder, and liable as such for an assessment, under Rev. St. § 5151, subject to the relief granted by section 5152.

In Error to the Circuit Court of the United States for the District of Massachusetts.

Action by William S. O'B. Robinson, receiver, against Gustavus D. Parker, executor and trustee. There was a judgment in favor of plaintiff, and defendant brings error.

Edward Avery, for plaintiff in error.
George E. Smith, for defendant in error.

Before COLT and PUTNAM, Circuit Judges, and NELSON, District Judge.

PUTNAM, Circuit Judge. David Parker, the testator of the defendant below, now plaintiff in error, died February 22, 1887, and the defendant was qualified as coexecutor of his will, March or May, 1887. Prior to and at his decease David Parker was the unquestioned owner of 50 shares of the capital stock of the First National Bank of Wilmington. At his death the bank was solvent. The certificate of stock came into the hands of the executors, and the shares were included in their inventory of his estate which was returned to the probate court. They thus accepted them, and by the common law, which prevails in the jurisdiction where they were so qualified, they were thus vested with the legal title to the stock. Subsequently the coexecutor of the defendant below deceased, leaving him sole surviving executor. In November, 1891, the bank became insolvent. December 21, 1891, the comptroller of the currency appointed the plaintiff below its receiver, and May 6, 1892, he ordered the assessment in controversy here. This assessment was for the full par of the stock, so in no event can the jurisdiction at law be properly questioned.

Under the circumstances, the defendant below became in law the owner of the stock, although he held it in his capacity as executor, and was holden to account for it as such. He thus became a shareholder, and liable, as such, under section 5151 of the Revised Statutes. Under these circumstances no questions of survivorship of actions or of limitation arise, and the circuit court properly entered judgment against him. The provisions of section 5152, relating to stock held by executors, administrators, guardians, or trustees, are purely supplementary, and are intended only to relieve the classes of persons named therein from execution against their individual assets, and they do not qualify the general rule of liability under section 5151. The plaintiff in error claims that the assets of a testate person under the laws of Massachusetts, where he qualified as executor, are in custodia legis, under authority of the state judicial tribunals, and so are not subject to an execution issued by a federal court. But the question now before us is only as to the validity of the judgment, and not at all as to the manner of its enforcement. The record does not show that any execution has been ordered, and no error has been assigned touching any such matter. The judgment of the circuit court is affirmed, with costs of this court against the plaintiff in error personally.