## ZIMMERMAN v. CARPENTER.

(Circuit Court, D. South Dakota, S. D. January 31, 1898.)

No. 275.

1. NATIONAL BANK—ASSESSMENT OF STOCK—FEDERAL JURISDICTION—ESTATE IN POSSESSION OF PROBATE COURT.

When an executor refuses to recognize, as a claim against decedent's estate, an assessment by the comptroller of the currency upon national bank stock belonging to the deceased, a federal court will assume jurisdiction of an action against the executor to determine the liability, although the estate is in the course of administration in the probate court.

2. SAME—LIABILITY OF ESTATES—LIMITATIONS OF ACTIONS.

The estate in the hands of an executrix at the date of the failure of a national bank is liable for the assessment on stock belonging to the estate in the same manner as if deceased was living (Rev. St. § 5152); and the fact that the time for filing claims against the estate has expired is no bar to an action to fix such liability.

3. SAME—TRANSFER OF STOCK—EQUITY JURISDICTION.

Where bank stock was transferred by an executrix to herself individually, and she admits, before suit is brought, and again in her answer, that the transfer was without consideration, and is void, such admission does not vacate the transfer, and a bill in equity will lie to determine the liability of the estate on an assessment of the face value of the stock.

4. EQUITY JURISDICTION—PLEADING AND PRACTICE.

Where, at the hearing, the defendant raises the point that the claimant has a plain, speedy, and adequate remedy at law, the court will not make a decree if there is a plain defect of jurisdiction, but the bill will be construed more liberally than if the point had been raised by demurrer.

This was a suit in equity by Charles F. Zimmerman, as receiver of the Dakota National Bank, against Frances G. Carpenter, as executrix of Charles C. Carpenter, deceased, to recover the amount of an assessment made by the comptroller of the currency upon shares of the bank's stock.

T. B. McMartin, for complainant.

Davis, Lyon & Gates, for defendant.

CARLAND, District Judge. The complainant brings this action for the purpose of charging the estate of Charles C. Carpenter, deceased, with the sum of $12,300, being the amount assessed by the comptroller of the currency upon 123 shares of stock in the Dakota National Bank, of which said Charles C. Carpenter was, in his lifetime, the owner. The cause has been submitted upon pleadings and proofs, from which the following facts appear: On the 16th day of May, 1895, Charles C. Carpenter, at Sioux Falls, S. D., died testate, and thereafter such proceedings were had in the county court of the county of Minnehaha, S. D., that on June 17, 1895, said defendant, Frances G. Carpenter, was, by said county court, duly appointed executrix of the estate of said Charles C. Carpenter, deceased; and, having duly qualified, has since that time acted as said executrix. That on said 17th day of June, 1895, said county court, by order duly made, fixed the time in which all persons having claims against the estate of said Charles C.

Carpenter, deceased, should present the same to the said executrix for allowance or rejection at six months from the date of the first publication of the notice to creditors, which date of first publication was June 28, 1895. That said notice to creditors was duly published, as required by law, and a decree entered by said county court to that effect. At the time of the death of said Charles C. Carpenter, he was the owner of 123 shares in the Dakota National Bank, then doing business in Sioux Falls, S. D., which shares came into the possession of the defendant as executrix of the estate of said Charles C. Carpenter, deceased. On November 23, 1896, said Dakota National Bank closed its doors, and thereupon the complainant was appointed receiver of the same by the comptroller of the currency, and, having duly qualified, has since been acting as such receiver. On February 4, 1897, the comptroller of the currency made an assessment upon all the shares of the capital stock of the said Dakota National Bank of 100 per cent. upon the par value of said stock, and ordered the holders of said stock to pay said assessment on or before March 4, 1897, and further ordered complainant to take all necessary proceedings to collect said assessment. On April 3, 1897, complainant caused to be presented to the defendant, as executrix of the estate of Charles C. Carpenter, deceased, a claim for the sum of $12,300, duly verified by the oath of said complainant; the said claim being the amount of the assessment made by the comptroller of the currency upon the shares of stock hereinbefore mentioned. On April 10, 1897, said executrix rejected said claim, and refused to allow it as a claim against said estate. That prior to August 28, 1895, defendant, as executrix, without any order of the county court of Minnehaha county, and without consideration, and in violation of her trust as executrix, caused the 123 shares of stock held by her as executrix to be transferred and assigned to herself individually, for the purpose of making it possible for said Frances G. Carpenter to act as a director of said bank.

The general jurisdiction of this court over this action arises from the fact that it is a suit of a civil nature, arising under the laws of the United States, wherein the matter in dispute exceeds the sum of $2,000, exclusive of interest and costs. Thompson v. Insurance Co., 76 Fed. 892; Act Cong. March 3, 1887, as corrected August 13, 1888. At the hearing, counsel for defendant moved to dismiss the action, upon two grounds: First. That the property belonging to the estate of Charles C. Carpenter, deceased, is under the jurisdiction and in the possession of the county court in and for the county of Minnehaha, state of South Dakota, in the due course of the administration of said estate, and no other court has any authority or jurisdiction to interfere therewith. Second. Complainant has a plain, speedy, and adequate remedy at law.

The full force of the first proposition may be conceded, and still this action may be maintained. The object of this action is not in any way to interfere with the possession of the property belonging to the estate of Charles C. Carpenter, deceased, but simply to determine whether any liability has attached to said property by reason of the facts pleaded in the bill of complaint. When that question is determined, this proceeding is at an end. If determined favorably, then complain-

ant has an adjudicated claim against the estate of Charles C. Carpenter. Wickham v. Hull, 60 Fed. 326; Parker v. Robinson, 18 C. C. A. 36, 71 Fed. 257. It is claimed that to take jurisdiction for this purpose would be a mere idle ceremony, as the comptroller has determined the amount of the assessment, and that determination is beyond dispute. It is true that the assessment of the comptroller cannot be disputed, but in this case, upon demand, the executrix refuses to recognize the assessment as a claim against the estate of Charles C. Carpenter, deceased; therefore the complainant is compelled to go into a court of competent jurisdiction, and seek to establish the amount of the assessment as a charge against said estate.

The point involved in the second proposition was not brought to the attention of the court until the hearing. Where this is so, the court will not make a decree if there is a plain defect of jurisdiction, but the bill will be construed more liberally than if the point had been raised by demurrer. The cases of Kennedy v. Gibson, 8 Wall. 498, and Casey v. Galli, 94 U. S. 673, are cited to the effect that, where the action is to recover the full stock liability, the action must be at law. This undoubtedly is true, if there are no other facts existing, requiring the interposition of a court of equity. The same cases hold that, where the action is to enforce only a portion of the full stock liability, the remedy may be in equity. The court, in the cases cited, did not intend to hold that in every case where the full amount of stock liability was sued for the remedy was at law, for in the case of Bowden v. Johnson, 107 U. S. 251, 2 Sup. Ct. 246, a bill in equity was sustained, which sought to enforce the full statutory liability of the stockholders. To hold that in every case where the full statutory liability is sought to be enforced the remedy must be at law, would allow any stockholder to fraudulently transfer his stock to a financially irresponsible person, for the purpose of exonerating himself from liability; and, if the assessment was for 100 per cent., there would be no remedy. In the absence of any showing to the contrary, the liability to pay the assessment attaches to the person in whose name the stock stands on the books of a bank. When this assessment was made, the stock formerly owned by Charles C. Carpenter, deceased, stood in the name of Frances G. Carpenter on the books of the bank. The complaint alleges that at that time the stock ought to have stood in the name of Frances G. Carpenter, executrix of the estate of Charles C. Carpenter, deceased, for the reason that Frances G. Carpenter, as executrix, had no right, power, or authority to transfer the stock to herself individually, and thus deprive the creditors of the bank of the right to charge the estate of Carpenter in the hands of the executrix, with the payment of their claims. It is also alleged that the transfer was without consideration, and part of the relief asked is to have the transfer of the stock declared void, and set aside, so that the liability to pay this assessment may be charged against the estate of Charles G. Carpenter, deceased, and not against Frances G. Carpenter individually. It is true, the executrix admitted, before this action was brought, and again in her answer, that the stock be-

longed to the estate of Carpenter. The admission before the action was brought was evidence in support of the allegations in the bill. The complainant had to state his case so as to meet any defense the defendant might set up, and, as it often happens, the allegations of this bill of complaint might all have been disproved, and complainant's case wholly destroyed, yet that fact would in no wise affect the jurisdiction of the court. Cowley v. Railroad Co., 159 U. S. 581, 16 Sup. Ct. 127. The relief that the court must give in this case, if it gives any, is also not to be had at law. The receiver, representing the creditors of the bank, is endeavoring to reach assets which could not be reached if the transfer of the stock should stand. The fact that the defendant admits that the transfer was without consideration, and void, relieves the complainant from proving it, but in no wise sets aside or vacates the transfer; and we do not know what the defendant's answer would have been if the action had been brought on the law side. Mississippi Mills v. Cohn, 150 U. S. 207, 14 Sup. Ct. 75. And while we are considering this proposition we must not forget that, while the defendant admits that the stock upon which the assessment is made belongs to the estate of Charles C. Carpenter, deceased, still, before this suit was commenced, she rejected the claim of this assessment as a claim against said estate. The court is of the opinion that the bill states a case of equitable jurisdiction.

There is a plea of the statute of limitations contained in the answer, based upon the statute of the state of South Dakota regulating the time in which claims should be presented for allowance or rejection against the estate of decedents. By virtue of said statute and the order of the county court of the county of Minnehaha, the time within which a claim could be presented against the estate of Charles C. Carpenter, deceased, expired December 28, 1895. The bank failed November 23, 1896. The assessment was made February 4, 1897, and became due March 4, 1897, long after the expiration of the time limited for the presentation of claims against the estate of Charles C. Carpenter, deceased. While it is insisted that the claim is barred, it is as earnestly insisted that proper practice requires that the question whether the claim is barred or not should be left to the county court of Minnehaha county to determine; following the practice in Wickham v. Hull, 60 Fed. 326. If this court was of the opinion that the decision of this case required the court to construe a state statute, it would do so; but, it being of the opinion that it is not necessary so to do, it will proceed to dispose of the case upon the only grounds that to it seem tenable. Any theory upon which it is sought to maintain that the claim here attempted to be enforced is an ordinary claim against the estate of Charles C. Carpenter, deceased, to be presented and allowed in the manner required by the laws of the state of South Dakota, and, if not so presented and allowed, to be forever barred by the statute of nonclaim of said state, involves a total misconception of the object, meaning, and effect of sections 5151, 5152, Rev. St. U. S.

Section 5151 provides:

"The shareholders of every national banking association shall be held individually responsible equally and ratably, and not one for another, for all contracts, debts and engagements of such association, to the extent of the amount of their stock therein, at the par value thereof, in addition to the amount invested in such shares."

Section 5152 provides:

"Persons holding stock as executors, administrators, guardians or trustees, shall not be personally subject to any liabilities as stockholders, but the estates and funds in their hands shall be liable in like manner and to the same extent as the testator, intestate, ward, or person interested in such trust funds would be, if living and competent to act and hold the stock in his own name."

Now, it was not necessary for congress to provide by law that the estates of decedents should be liable for the debts of deceased persons. That result would follow irrespective of section 5152. But congress intended to, and did, provide that the estate of the testator or intestate, in the hands of an executor or administrator, should be liable in like manner, and to the same extent, as the testator or intestate would be if living, and competent to act, and hold the stock. By the language of the section last referred to, the death of the testator or intestate does not in any way affect the liability of the estate of the testator or intestate, except, if no liability on the stock arises until after the estate is fully distributed, then there would be no estate to be charged. On the 23d day of November, 1896, when the Dakota National Bank failed, Frances G. Carpenter, as the executrix of the estate of Charles C. Carpenter, deceased, under the laws of the United States and of South Dakota, was a shareholder therein. To the extent of 100 per cent. of the par value of the stock held by her, the estate of Charles C. Carpenter in her hands on that day was liable; not as if Carpenter was dead, but in the same manner, and to the same extent, as if he was living; the clear object of the statute being to make the estate liable for a debt arising after the death of a testator or intestate, as well as those arising before. On the 23d day of November, 1896, so much of the estate of Charles C. Carpenter, deceased, which was in the possession of defendant, as executrix of said Carpenter, on that day, stood not as the estate of a deceased person with reference to the liability on said stock, but in the place of Charles C. Carpenter himself, liable in like manner and to the same extent as he (Carpenter) would have been if alive. The cases of Witters v. Sowles, 32 Fed. 139, and Parker v. Robinson, 18 C. C. A. 36, 71 Fed. 256, it is believed, sustain the views here expressed. There is no evidence as to when the indebtedness arose to pay which this assessment was made, but, as it could not have arisen later than November 23, 1896, the complainant is entitled to a decree charging the estate of Charles C. Carpenter, in the hands of the defendant, as executrix, on that day, with the payment of the sum of $12,300, with interest thereon from March 4, 1897; and it is so ordered.