## HAMPTON v. FOSTER.

(Circuit Court, D. Massachusetts. January 6, 1904.)

No. 1,169.

1. TRUSTS—ACTION AGAINST TRUSTEE—PLEADING.

Under the Massachusetts practice a trustee cannot be sued at law as such, but the action must be against him as an individual, and his description in the writ and declaration as trustee is surplusage.

2. NATIONAL BANKS—ASSESSMENT AGAINST STOCKHOLDERS—ACTION AGAINST TRUSTEE.

Where the question of the liability of a trust estate for an assessment on shares of an insolvent national bank held by the trustee depends upon the power of the trustee, under the terms of the trust, to purchase such shares for the estate, such question cannot be determined in an action at law by the bank receiver against the stockholder, though it is alleged that he holds the stock as trustee.

At Law.

Benj. G. Hall, for plaintiff.

Bartlett & Anderson, specially for George M. Foster, trustee.

John J. Cahill, for town of Peabody.

BROWN, District Judge. This action at law is brought by the plaintiff, as receiver of the South Danvers National Bank, to recover an assessment levied by the Comptroller of the Currency. Jury trial is waived, and the case is submitted upon two written statements of fact respectively entitled "Agreed Statement of Facts" and "Amended and Additional Statement of Facts."

I find the facts to be as set forth in both statements, except that, so far as the later amended and additional statement is inconsistent with the earlier statement, I find the facts to be as set forth in the later. Many facts set forth are, in my opinion, immaterial to the present case. The defendant is described in the writ and declaration "as trustee." The plaintiff contends that under section 5152 of the Revised Statutes of the United States [U. S. Comp. St. 1901, p. 3465] a trust fund known as the "Wallis School Fund" is directly liable for an assessment upon 38 shares of the stock of the South Danvers National Bank, and that the defendant Foster individually is not liable to judgment. The description of the defendant "as trustee" must, however, in this action at law, be regarded as surplusage. In Odd Fellows Hall Association v. McAllister, 153 Mass. 292, 297, 26 N. E. 863, 11 L. R. A. 172, it was said:

"The description of the defendant as trustee in the writ was surplusage. There is no provision by which judgments and executions against trustees run against the trust estate in their hands, as in the case of executors and administrators. Even where they are entitled to indemnity from the trust fund, the judgment in an action at law is against them as individuals, whatever may be the doctrine of equity."

See, also, Shepard v. Creamer, 160 Mass. 496, 36 N. E. 475.

¶ 2. Enforcement of statutory liability of stockholders in national banks, see note to Williamson v. Bank, 52 C. C. A. 6.

The question whether the 38 shares in question were in fact held by the defendant Foster, as trustee, in such manner as to render liable the trust funds, has been argued at length. The trust fund known as the "Wallis School Fund" owes its origin to the following provision of the will of Dennison Wallis, of Danvers, Mass., probated in October, 1825:

"Having the prosperity, of the present and succeeding generation—in view, 1 hereby order and direct my executors, or the survivor of them, to appropriate and expend, for and towards the support of a school or schools for the benefit of the whole District Number One in which I now live, all the income of the following property (after deducting a reasonable sum for their or his attending to the same,) to wit, twenty-seven shares in the Beverly Bank at Beverly; ten and one half shares in the Marblehead Bank at Marblehead, and fifteen shares in the Union & Marine Insurance office at Salem; And in case either of said companies shall cease to continue; then my executors or the survivor of them, shall put the principal on interest to the best advantage, and the income of the whole (except as above) shall be forever appropriated to the above purpose; the income to be reckoned from the day of my decease."

The defendant Foster was appointed trustee April 17, 1899, and as such trustee came into possession of 38 shares of the South Danvers National Bank stock. These shares had been purchased by trustees who had preceded Foster "at times when said bank was solvent, and when said stock sold at a premium on the market, and at dates more than twenty years previous to the failure of said bank [South Danvers National Bank]. * * * Said 38 shares are no part of the reinvestment of the original funds, but were purchased with the accumulated dividends and profits which came into the hands of said former trustees from the original fund, except perhaps 11 shares purchased by a former trustee, Henry Cook, which may or may not have been a reinvestment of part of the original funds." According to the final account of George A. Osborne, a preceding trustee, allowed by the probate court on the first Monday of June, A. D. 1882, the said 38 shares of stock were then held as a portion of the investments constituting the Wallis school fund.

As the testator directed the expenditure of income, there was no apparent authority to accumulate dividends and profits arising from the original fund, or to invest such accumulations in assessable shares or other securities. The authorities cited by the plaintiff as to what is sound discretion in investment where there is a general authority to invest and reinvest are therefore inapplicable. The plaintiff's contention that the approval by the probate court of the accounts wherein the trustees charged themselves with the shares of the South Danvers Bank precludes the defense of lack of original authority to invest is by no means free from doubt, since ordinarily such adjudications bind only the parties thereto and those claiming under them. Butterfield v. Smith, 101 U. S. 570, 25 L. Ed. 868. It is unnecessary, however, to consider these points further, since I am of the opinion that the question of the ultimate liability of the Wallis school fund, now in the hands of the defendant as trustee, cannot be finally determined in this action at law.

In Parker v. Robinson, 71 Fed. 256, 18 C. C. A. 36, the Circuit Court of Appeals for this circuit was of the opinion that the pro-

visions of section 5152 of the Revised Statutes of the United States, relating to stock held by executors, administrators, guardians, or trustees, are purely supplementary, and are intended only to relieve the classes of persons named therein from execution against their individual assets, and do not qualify the general rule of liability under section 5151 [U. S. Comp. St. 1901, p. 3465]. The question of the liability of the defendant to a judgment, therefore, would seem to depend upon whether the defendant Foster is vested with the legal title to the 38 shares of stock. Whether, under section 5152, Foster is entitled to relief from execution against his personal assets, is a distinct question.

I find no authority or reason for holding that, upon a judgment predicated upon the fact that the legal title to the shares was vested in Foster execution can issue directly against the funds held in trust, or that any lien was acquired by the writ of attachment in the present case. Odd Fellows Hall Association v. McAllister, 153 Mass. 292, 297, 26 N. E. 862, 11 L. R. A. 172, above cited, is to the contrary. While section 5152 provides that estates in the hands of executors, administrators, guardians, or trustees "shall be liable in like manner and to the same extent as the testator, intestate, ward, or person interested in such trust funds would be if living and competent to act and hold the stock in his own name," this cannot be held to give a right to enforce this liability of a trust estate by an action at law against a defendant in the capacity of trustee. To so find would be inconsistent with the decision in Parker v. Robinson, which holds that the general rule of legal liability in cases of this character is governed by section 5151, and that section 5152 is merely supplementary, and to relieve the classes named from execution against their personal assets. Because the trustee may, in the action at law, assert a right to relief from execution against his personal assets, it by no means follows that we must ignore the rule that in an action at law the judgment is against the individual, and that execution does not run against the trust estate in his hands as trustee.

The conclusion is that the questions of the ultimate liability of the Wallis school fund to pay this assessment, and of the right of Foster, as trustee, to satisfy a judgment rendered against him individually by recourse to the trust fund, cannot be determined in this action. Apparently, the only judgment which could be rendered on the agreed facts is a judgment against Foster individually.

The plaintiff, however, insists that Foster does in fact hold the stock as trustee, and is not liable to a personal judgment. As the plaintiff has not asked for a judgment against Foster individually, but only for a judgment against Foster as trustee, it seems sufficient at present to hold that no judgment against Foster as trustee can be entered, and to reserve further proceedings in the case until the plaintiff shall move for judgment, or take other action.