## LUCE v. THOMPSON.

Circuit Court of Appeals, Eighth Circuit.
November 12, 1929.

No. 8529.

Hurd, Lenehan, Smith & O'Connor, of Dubuque, Iowa, and M. X. Geske, of McGregor, Iowa, for appellant.

Morgan & Nichols, of Albert Lea, Minn. (Kenline, Roedell, Hoffmann & Tierney, of Dubuque, Iowa, and Meighen, Knudson & Sturtz, of Albert Lea, Minn., on the brief), for appellee.

Before VAN VALKENBURGH and GARDNER, Circuit Judges, and WOODROUGH, District Judge.

VAN VALKENBURGH, Circuit Judge. The agreed facts in this case state that Clarence A. Luce was, on December 30, 1925, the owner of ten shares of stock in the Citizens' National Bank of Albert Lea, Minn.; on that day he died, and February 18, 1926, his will was admitted to probate; by its terms appellant, his widow, was appointed sole executrix of his estate and was the sole beneficiary thereof. On the latter date the district court of Clayton county, Iowa, having probate jurisdiction, ordered that notice of filing claims against said estate be given by four weeks' publication. Pursuant to this order the last publication was made on March 25, 1926. February 14, 1927, the bank, being insolvent, suspended business and all of its assets passed into the possession of the Comptroller of the Currency for purposes of liquidation. February 18, 1927, appellee was appointed receiver of said bank and duly qualified. February 19, 1927, the executrix filed her final report in the state court and applied for

final order. March 7, 1927, she filed in the state court a refusal to accept the ten shares of stock of the Citizens' National Bank of Albert Lea. This stock was set out and referred to as an asset of the estate in the inventory filed, and has never been transferred on the books of the bank. Its value was placed at $1,500. This inventory was filed February 20, 1926, and listed assets aggregating $53,450.73. March 18, 1927, the final order distributing the assets of the estate was made, and on the same date the court made an order approving the final report and discharging the executrix. April 2, 1927, the Comptroller of the Currency ordered an assessment and requisition upon the shareholders of the bank for the par value of each and every share of its capital stock. April 22, 1927, a notice thereof was mailed to the Luce estate, was duly received, and April 27, 1927, appellant, through her attorneys, replied to this letter stating that the estate had been closed, and the closing approved by the court; that the certificate of stock was still in the name of Clarence A. Luce, that his widow disclaimed any ownership of it, and under the circumstances did not feel obligated in the matter of the assessment. It is conceded: "That after the payment of all claims filed against said estate and all expenses of administration there was distributed to Harriet E. Luce, defendant herein, the remaining assets and properties of said estate, having an actual value of far more than the amount sued for in this action over and above her exemptions as widow of the decedent."

█ August 23, 1927, appellee filed suit against appellant, in the District Court of the United States for the Northern District of Iowa, to recover the assessment ordered. The necessary facts, as hereinabove stated, were recited, and in the course of such recital the following allegations were made:

"That the Citizens National Bank of Albert Lea suspended business on February 14, 1927, and thereafter and prior to the time that in the regular course of matters the Comptroller of the Currency was enabled to make his assessment upon the shareholders for the shares of stock in said bank, the defendant made application to the District Court in and for Clayton County, Iowa, to close the estate of Clarence A. Luce, deceased, and for an order of that court for distribution, thereby endeavoring to prevent the plaintiff from filing a claim against said estate; that said estate was at all times solvent and able to pay all just claims thereof, including the claim of the receiver as herein stated.

"That by reason of the facts and circumstances herein stated and alleged, the defendant Harriet E. Luce, being the recipient of all the assets of the estate of her deceased husband, is liable to the plaintiff for the assessment upon the shares of stock in The Citizens National Bank of Albert Lea, in the sum of $1,000.00 and the properties and assets received by the defendant from the estate of her deceased husband are liable to the plaintiff for the payment of said sum and the plaintiff is entitled to a lien thereon for that purpose."

As stated in the brief of appellant, the action was originally commenced at law, but was by consent transferred to the equity side. The allegations just quoted conferred jurisdiction in equity in accordance with recognized practice. The court, in entering decree for appellee, found as follows:

"The cause was submitted upon a written stipulation of the facts between the parties and upon oral and written argument of counsel.

"Thereupon, upon consideration thereof, the court finds the issues in favor of plaintiff and against the defendant; that defendant never became the personal owner of the shares of stock of the Citizens National Bank of Albert Lea, Minnesota, involved in this action, having rejected same before closing the estate of her deceased husband, Clarence A. Luce, the owner of record of said stock; that the said estate was at all times charged with the liability which arose under the assessment against stockholders of said bank and which is the basis of the suit brought herein; that the defendant took the entire residue in the estate of Clarence A. Luce, her deceased husband, charged with the statutory liability under said assessment; and that defendant speeded the closing of the estate of said Clarence A. Luce, deceased, to avoid said liability."

Appellant epitomizes her contentions as follows:

"1. Whatever cause of action appellee had was against the personal representative of the estate. Section 5152, U. S. Rev. St.

"2. There was no legal relationship between appellant and appellee, or of appellant to the stock in question, which created any liability against appellant."

It may readily be conceded that the facts stipulated and found established a claim against the estate of the stockholder decedent. Sections 64 and 66, 12 USCA; Zimmerman v. Carpenter (C. C.) 84 F. 747; Matteson v. Dent, 176 U. S. 521, 528, 20 S. Ct. 419, 44 L. Ed. 571; Parker v. Robinson (C. C. A. 1)

71 F. 256. In the latter case it was held: "An executor who receives certificates of national bank stock as part of the assets of decedent's estate, and includes them in his inventory returned to the probate court, is a shareholder, and liable as such for an assessment, under Rev. St. § 5151 [12 USCA § 63] subject to the relief granted by section 5152."

Section 5152, Rev. St. (section 66, 12 US CA) reads thus: *"Personal Liability of Representatives of Stockholders.*—Persons holding stock as executors, administrators, guardians, or trustees, shall not be personally subject to any liabilities as stockholders; but the estates and funds in their hands shall be liable in like manner and to the same extent as the testator, intestate, ward, or person interested in such trust funds would be, if living and competent to act and hold the stock in his own name."

■ It is undoubtedly true that the fact that the statutory period for filing claims against the estate has expired is no bar to an action to fix such liability, and that under some circumstances the administration of the estate may be reopened, after closing, for presentation and allowance of a claim which did not accrue or become enforceable until after closing. Zimmerman v. Carpenter, supra; In re Estate of Camp, 188 Iowa, 734, 176 N. W. 795; Hazlett v. Burge, 22 Iowa, 531; Wickham v. Hull, 102 Iowa, 469, 71 N. W. 352; Security Fire Ins. Co. v. Hansen, 104 Iowa, 264, 73 N. W. 596.

In Reynolds v. May, 4 G. Greene (Iowa) 283, it is held that an action should not at first be brought against the heirs, who can only be rendered liable where the indebtedness is established against the executor, and the assets in his hands are insufficient, and where the heirs have had at least a portion of the estate set apart to them.

■ In McClure v. Dee and Power, 115 Iowa, 546, 549, 550, 88 N. W. 1093, 1094, 91 Am. St. Rep. 181, it is held that, irrespective of statute, "the provisions of our law making real property liable for the debts of the owner are in line of development of the common-law principle to which we have adverted, and operate to impress such property with a trust to secure payment of the ancestor's debts, when it is found in the hands either of an heir or devisee. Rohrbaugh v. Hamblin, 57 Kan. 393, 46 P. 705, 57 Am. St. Rep. 334. And next an alteration grew out of the statutes of those states (our own among them) which provide for the descent of personalty in the same manner and to the same persons as real estate. The effect of these statutes is to impose a liability upon the heir for the value of the personalty received, as well as the real estate. Hall v. Martin, 46 N. H. 337. * * * Of course, to bind either heirs or devisees it must appear that the ancestor's estate was settled and closed before the claim accrued." This is the general rule. 18 C. J. par. 307, § 10, pp. 953, 956; Chitty v. Gillette, 45 Okl. 724, 148 P. 1048, L. R. A. 1916A, 1181; Matteson v. Dent, 176 U. S. 521, 20 S. Ct. 419, 44 L. Ed. 571.

It is true that, in the case last cited, the statutes of Minnesota provided that devisees might be held responsible to the extent of the distributive shares received, but we do not think the principle that, to satisfy the debts of the ancestor, equity may follow assets into the hands of heirs and devisees should be so narrowly limited. Section 12060, Iowa Code 1927, is at least suggestive of the procedure adopted in the case at Bar: *"Action against Heirs and Devisees—Costs—Tender. —*In an action against the heirs and devisees, where the judgment is to be against them in proportion to the respective amounts received by them from the estate, costs awarded against them shall be in like proportion, and anyone may tender the amount due from him to the plaintiff, which shall have the same effect, as far as he is concerned, as though he was the sole defendant."

■ We think the assets of the decedent may be followed into the hands of appellant, the sole beneficiary under his will, and the devisee of his entire estate, stipulated to be greatly in excess of the assessment made. The brief of her counsel practically concedes that a claim could be made against the estate of Clarence A. Luce. At least, under the facts before us, that right is apparent, and the claim against the executor, if it had been asserted, is sufficiently established. If that course had been pursued, the steps in order would have been: (a) The reopening of the estate; (b) the establishment of the assessment claim; (c) the restoration by appellant of sufficient to satisfy the judgment entered. The complaint is that whatever cause of action appellee had was against the personal representative of the estate; that, at least, that remedy should first have been exhausted. It must be remembered that when this claim accrued, the estate had been closed, its entire assets had been distributed, and were in the hands of appellant, as sole beneficiary under the will. As executrix she no longer had funds in her possession. Under such circumstances equity demands no such unnecessary circuity of action as appellant demands. We think the receiver was entitled to pursue his remedy against the funds of the decedent in

the hands of appellant devisee. Mann v. Kleisdorff (C. C. A. 5) 16 F.(2d) 997, 998.

In Gilbertson v. McCarthy et al., 32 F.(2d) 665, 667, this court said: "Manifestly the plaintiff can have no relief in the probate court, for there is no proceeding pending there; the estate has been closed and distribution of the fund has become an accomplished fact. Examination of the authorities cited in the briefs, we think, makes it quite clear that a plaintiff in such circumstances is not entirely restricted to the remedy of filing a claim in the probate court."

There is another ground upon which this suit against appellant may be upheld. She is sued in her individual capacity, as were the executors in Gilbertson v. McCarthy. In the petition it is alleged that appellant made application to close the estate in advance of the twelve months after the last publication of notice to creditors. Appellant knew of the closing of the bank February 14, 1927, filed said application five days thereafter, and procured the closing of the estate and her discharge as executrix March 18, 1927. This, coupled with her formal disclaimer and relinquishment of all right, title, or interest in said stock on March 7, 1927, but three weeks after the bank closed its doors, when an assessment was forecast, if not threatened, would seem to justify the court's finding that the closing of the estate was speeded to avoid this liability, as alleged in the petition. Up to that time the stock had been carried upon the inventory, at a valuation of 50 per centum above par.

In Rankin v. Miller et al. (D. C.) 207 F. 602, 605, it was held that: "In a suit by the receiver of an insolvent national bank against the executors and legatees of a deceased stockholder to recover the amount of an assessment against the stock levied by the Comptroller of the Currency, where it appeared that the estate had been fully distributed, a recovery could be had against the executors for their wrongful act in distributing the estate so as to deprive the bank's creditors of their charge or lien thereon."

This holding was upheld by the Circuit Court of Appeals of the Third Circuit in this language: "There can be little doubt that an executor who settles an estate without making provision for or disposing of a liability imposed by statute may, in a proper action seasonably brought, be held personally liable for devastavit." Miller v. Hamner, 269 F. 891, 895.

These cases were cited and quoted approvingly by this court in Gilbertson v. McCarthy, supra. The rule thus announced has still

more pointed application, where the executor is at the same time sole devisee and beneficiary under the will.

It results that the decree below should be and is affirmed.