LAWRENCE v. DeBOER.

1. BANKS AND BANKING — RECEIVERS — STATUTORY‧ STOCKHOLDER'S LIABILITY.

   Upon appointment as receiver of a bank it became his duty to proceed to close up the bank and to enforce statutory liability of stockholders (3 Comp. Laws 1929, § 11945).

2. SAME—STOCKHOLDERS' STATUTORY LIABILITY.

   Liability of bank stockholder imposed by statute for obligations of bank equal to amount of stock held and in addition thereto is both contractual and statutory (3 Comp. Laws 1929, § 11945).

3. EXECUTORS AND ADMINISTRATORS—CLAIMS AGAINST ESTATE— LIMITATION OF ACTIONS—PURPOSE OF STATUTE.

   Purpose of statute barring claims against estates of decedents where not presented to commissioners on claims within time

permitted therefor is to secure the speedy settlement of estates in the probate court and is to be strictly construed (3 Comp. Laws 1929, § 15687).

4. BANKS AND BANKING—STOCKHOLDERS' STATUTORY LIABILITY.
  Obligation of statutory liability on bank stock, assumed by bank stockholder upon his purchase of the stock, is imposed by statute and is one which may never attach (3 Comp. Laws 1929, § 11945).

5. SAME—SOLVENT BANK—ESTATES OF DECEASED STOCKHOLDER—CONTINGENT CLAIMS.
  Officials of solvent bank need not file contingent claim against estate of deceased stockholder for assessment which might be made against his stock at some time in the future (3 Comp. Laws 1929, §§ 11945, 15708).

6. SAME—STATUTORY ASSESSMENT—EXECUTORS AND ADMINISTRATORS.
  Statutory assessment against bank stock made after death of stockholder becomes obligation of his estate and executor thereof should pay it the same as any other indebtedness maturing after death (3 Comp. Laws 1929, §§ 11945, 15708).

7. EVIDENCE—JUDICIAL NOTICE—ORDER CLOSING ALL BANKS—SOLVENCY.
  Supreme Court takes judicial notice of fact that governor's order of February 12, 1933, closing banks applied to all banks in the State and was not in itself evidence of insolvency of a particular bank.

8. BANKS AND BANKING—CONSERVATORS—SOLVENCY.
  Conservators are appointed by State banking commissioner under Act No. 32, §§ 4, 5, Pub. Acts 1933, in the hope, if not expectation, that solvency of the bank may be maintained.

9. SAME—CONSERVATOR—BANK OFFICERS.
  Bank officials have no authority to act after appointment of conservator (Act No. 32, §§ 4, 5, Pub. Acts 1933).

10. SAME—DUTIES OF CONSERVATOR—CLAIMS AGAINST ESTATES OF DECEDENT STOCKHOLDERS.
  Duties of a conservator of a bank are prescribed by statute which do not confer authority upon him to present contingent claims against estates of decedents for assessments against bank stockholders (3 Comp. Laws 1929, § 11945, Act No. 32, §§ 4, 5, Pub. Acts 1933).

11. Same—Receivers—Conservators.

In suit by bank receiver to enforce assessment against distributees of deceased stockholder's estate, receiver *held*, under no duty to present claim against estate of decedent where he had no notice or knowledge of stockholder's death which occurred while bank was under control of conservator, time for presentation of claims expired a month after appointment of receiver and executor and distributees knew of assessment when estate was closed, since claim should have been paid as any other debt maturing after death of debtor (3 Comp. Laws 1929, § 15708, Act No. 32, §§ 4, 5, Pub. Acts 1933).

12. Executors and Administrators—Statutes—Presentation of Claims.

Statute requiring publication of notice to creditors to file claims against estate of decedent applies only to claims which matured during lifetime of deceased and does not apply to claim for assessment on bank stock arising after stockholder's death (3 Comp. Laws 1929, §§ 11945, 15675, 15687).

Bushnell, J., dissenting.

Appeal from Kent; Brown (William B.), J. Submitted January 17, 1935. (Docket No. 119, Calendar No. 38,185.) Decided October 12, 1935.

Bill by Howard C. Lawrence, receiver of the American Home Security Bank against Cornelius DeBoer, trustee of Cornelius Wisse under the will of Iman Wisse and to enforce payment of a bank stock assessment. Bill dismissed. Plaintiff appeals. Reversed and remanded.

*John M. Dunham* (*Dunham & Sherk*, of counsel), for plaintiff.

*Earl F. Phelps*, for defendant.

Nelson Sharpe, J. The allegations in the bill of complaint and certain facts which, upon the hearing in this court, were conceded, and which we were

requested to treat as embodied therein, may be summarized as follows:

The American Home Security Bank, a Michigan banking corporation, doing business in the city of Grand Rapids, was closed by order of the governor on February 12, 1933, and did not reopen. In March following, the plaintiff, Howard C. Lawrence, was appointed conservator thereof, and continued to act as such until the 15th day of October, 1933, when he was appointed receiver thereof.

At the time the bank closed, Dr. Iman Wisse, of Grand Rapids, was the owner of 340 shares of its stock, of the par value of $3,400. He died on May 23, 1933, leaving a last will and testament, which was duly admitted to probate on June 27th following. An order was entered limiting the time for filing claims against the estate to December 11, 1933, and was duly published on July 14th, 21st and 28th of that year. No claims were presented or allowed, and on April 24, 1934, an order was entered closing the estate and for distribution thereof under the provisions in the will therefor.

The bank stock had been included in the inventory of the estate. At the time the order of distribution was made, each of the persons entitled thereunder, and who are here made defendants, signed a writing, which was filed in the court, in which they declined and refused to accept any of the shares of the stock, and declared that they did not assume any responsibility on account thereof.

On November 15, 1933, an assessment of 100 per cent. was made by the State banking commissioner against the stockholders of the bank. The plaintiff had no notice of the death of Dr. Iman Wisse or of the probate of his estate, and a notice of the assessment was sent by him to the doctor's address as

shown by the records of the bank, and was not returned.

The bill of complaint herein was filed to enforce payment of the assessment by those to whom the estate of the deceased passed under the will and the order of distribution made pursuant thereto. In his prayer for relief the plaintiff asked—

"That the court decree that each one of them (the defendants) is liable for their respective proportionate shares of the obligation created by the ownership of said stock in the said Dr. Iman Wisse estate at the time that the said assessment was levied and became effective.

"That any sum found to be due from each and all of said defendants to the said plaintiff be ordered paid, and that plaintiff have lien upon assets received, and that for the collection of the same."

The defendants moved to dismiss the bill for the following reasons:

"(1) The court has no jurisdiction of the subject-matter for which action is brought.

"(2) That said cause of action, if any ever existed, was not brought within the time limited by law.

"(3) That the bill of complaint states no cause of action entitling the plaintiff to equitable relief.

"(4) The court has no jurisdiction over the defendants."

The trial court found that—

"Under the facts and circumstances of this case, a court of equity has no power to consider or allow the claim as made by the plaintiff."

A decree was entered dismissing the bill, from which the plaintiff has taken this appeal.

On plaintiff's appointment as receiver it became his duty to proceed to close up the bank and to

enforce the statutory liability of the stockholders as provided by law.

The applicable statute (3 Comp. Laws 1929, § 11945) reads as follows:

"The stockholders of every bank shall be individually liable, equally and ratably, and not one for another, to satisfy the obligation of said bank to the amount of their stock at the par value thereof, in addition to the said stock; but persons holding stock as executors, administrators, guardians or trustees, and persons holding stock as collateral security, shall not be personally liable as stockholders, but the assets and funds in their hands constituting the trust shall be liable to the same extent as the testator, intestate, ward or person interested in such trust funds would be, if living or competent to act; and the person pledging such stock shall be deemed the stockholder and liable under this section. Such liability may be enforced in a suit at law or in equity by any such bank in process of liquidation, or by any receiver, or other officer succeeding to the legal rights of said bank."

The obligation of the stockholder under this statute is both contractual and statutory. *Fors* v. *Thoman,* 267 Mich. 148.

The action of the trial court was based on the provision in 3 Comp. Laws 1929, § 15687, which reads as follows:

"Every person having a claim against a deceased person, proper to be allowed by the commissioners, who shall not, after the publication of notice as required in the second section of this chapter, exhibit his claim to the commissioners within the time limited by the court for that purpose, shall be forever barred from recovering such demand, or from setting off the same in any action whatever."

This statute has been construed with strictness, its purpose being to secure the speedy settlement of

estates in the probate court. *Winegar* v. *Newland,* 44 Mich. 367; *Seilnacht* v. *Wayne Probate Judge,* 201 Mich. 536; *Second National Bank of Saginaw* v. *Gamble,* 227 Mich. 31.

Section 15708, 3 Comp. Laws 1929, reads in part as follows:

"If any person shall be liable as security for the deceased or have any other claim against his estate which cannot be proved as a debt before the commissioners, or allowed by them, the same may be presented with the proper proof to the probate court, or to the commissioners, who shall state the same in their report, if such claim shall be presented to them."

A controlling question here presented is whether the omission to file a claim against the estate with the commissioners bars plaintiff's right of recovery or, in other words, does this section apply to the liability of the deceased as a stockholder for an assessment which may be made against him after his death? The obligation therefor is assumed by a stockholder when he purchases stock. It is also imposed on him by statute. It is, however, one upon which no liability may ever attach. It differs from an obligation assumed as a surety or as an indorser in that a time is there fixed for performance and an estate may be kept open until liability thereon may be determined. If during the time limited for presenting claims the bank had remained solvent, would the duty have been imposed upon the officials of the bank to file a contingent claim against the estate of the deceased for assessment which might be made at some time in the future? We think not; and are of the opinion that when the stockholder dies before the assessment is made the obligation then becomes that of his estate and should be treated the same

as any other indebtedness which matures after his death.

When the executor qualified, the assets of the deceased passed into his hands and among them were the certificates of stock in the American Home Security Bank. When he had notice of the assessment, as it clearly appears that he had, it was his duty to satisfy himself that it was a legal charge against the estate and, if he determined that it was, then to make payment of it and list it among the disbursements made by him.

The injustice of holding otherwise is well illustrated by the facts here presented. As before stated, this bank closed on February 12, 1933, by order of the governor. We may take judicial notice of the fact that this order applied to all of the banks in the State and was not in itself an evidence of the bank's insolvency. In March following, a conservator thereof was appointed by the banking commissioner under the provision therefor in Act No. 32, §§ 4, 5,.Pub. Acts 1933. It seems clear that such an appointment is provided for in the hope, if not the expectation, that its solvency may be maintained. This is evidenced by the provision in the next section that, in case the commissioner decides to wind up the affairs of the bank, he may appoint a receiver therefor whose duties are therein defined.

The officials of the bank had no authority to act after the conservator was appointed. His duties are prescribed in the statutes and no authority was conferred upon him to present a contingent claim against the estate. After the receiver was appointed, the assessment was made and a copy thereof mailed to the deceased at the address disclosed by the books of the bank then in his possession. He had no notice or knowledge of the death of the de-

ceased. The last publication of the order for presenting claims was made about four months prior to his appointment and the time limited therefor expired about one month thereafter. The executor and the heirs and the distributees of the will knew of the assessment at the time the estate was closed. Clearly, the claim should have been treated by them as one maturing after the death of the stockholder and for which no claim need have been presented.

There are no decisions in this court in which this question was involved. While the Federal statutes and those in other States differ somewhat from those in this State, there are holdings which strongly tend to support the conclusion we have reached.

In *Hirning* v. *Kurle*, 54 S. Dak. 334 (223 N. W. 212), the court held that—

"The statute requiring publication of notice to creditors and the filing of claims within a given time thereafter* applies only to claims which are collectible from the estate by virtue of having been claims against the decedent in his lifetime, and does not apply to a claim for stockholder's liability arising against the estate as such by virtue of stock ownership."

A number of decisions are cited in support thereof.

See, also, *Hantzch* v. *Massolt*, 61 Minn. 361 (63 N. W. 1069), and *Dent* v. *Matteson*, 70 Minn. 519 (73 N. W. 416).

In *Christopher* v. *Norvell*, 201 U. S. 216, 226 (26 Sup. Ct. 502, 5 Ann. Cas. 740), the court said:

"But here the right to sue did not obtain until the comptroller of the currency had acted, and his order was the basis of the suit. The statute of limitations did not commence to run until assessment made, and

---

* See 3 Comp. Laws 1929, § 15675.—Reporter.

then it ran as against an action to enforce the statutory liability, and not an action for breach of contract.''

In *Rankin* v. *Miller,* 207 Fed. 602, 610, the court said:

''But the period of limitation will commence to run only from the time the cause of action has fully matured through the making of an assessment and the arrival of the day when it becomes payable.''

Many cases are cited in support of this holding.

In *Andrew* v. *First Trust & Savings Bank,* 219 Iowa, 1244 (syllabus 260 N. W. 849), the court held:

''Claim for assessment on stock of bank becoming insolvent after death of stockholder is enforceable against his estate, even though time for filing claims has expired and estate has been closed and assets have passed into possession of heirs or distributees.''

In *Drain* v. *Stough* (C. C. A.), 61 Fed. (2d) 668 (87 A. L. R. 490), the court said:

''It is well settled that a statute, requiring the presentation of claims against a decedent, does not apply to claims against his estate arising in the course of administration, that is, to claims against the funds in the hands of the executor or administrator. It was so held under a similar statute of California requiring the presentation of claims to an executor. *Miller & Lux* v. *Katz,* 10 Cal. App. 576 (102 Pac. 946). There the corporate stock was owned by the deceased. After his death the corporate debt was created. It was held that the estate was liable for its proportion of the debt, fixed by statute upon a stockholder, and that the claim therefor need not be presented to the executor. See, also, *Plummer* v. *Light,* 139 Wash. 670 (247 Pac. 1022). The supreme court of the State of Montana, with laws similar to Washington and California with ref-

erence to the presentation of claims against a decedent, in the case of *Springhorn* v. *Dirks,* 72 Mont. 121 (231 Pac. 912, 915), held, under a statute identical with Rev. Stat. 5152 (12 USCA, § 66, *supra*), it was not necessary to present a claim to the executor of the will of a deceased stockholder in a State bank as a basis for a recovery of the assessment made for the benefit of creditors of the bank, following *Zimmerman* v. *Carpenter* (C. C.), 84 Fed. 747, and *Rankin* v. *Miller,* 207 Fed. 602."

If the claim is not barred by the statute, the liability of the defendants cannot be questioned.

In *Mortimer* v. *Potter,* 213 Ill. 178 (72 N. E. 817), the receiver of a national bank brought suit in equity against a trustee named in a will and the devisees thereunder to recover an assessment on its stock. After quoting the section of the Federal statute, under which shareholders are held individually responsible therefor (Rev. Stat. § 5151 [12 USCA, § 64]) and that imposing such liability on the estate held by executors, administrators, guardians or trustees (Rev. Stat. § 5152 [12 USCA, § 66]), which are similar in legal effect to 3 Comp. Laws 1929, § 11945, above quoted, the court said:

"Under these sections the executors or trustees were liable for this assessment the same as Kavanagh (the deceased stockholder) would have been if living, and in view of the fact that Mortimer (the trustee) had distributed the estate leaving the claim unpaid, and each devisee had received more than the amount of the entire assessment, they are each liable therefor in equity."

"Where the legatee, heir, or next of kin has received property of the decedent's estate, and the question is as to his liability, to the extent of the assets received, for the stockholder's statutory added liability on shares of stock owned by the de-

cedent at the time of his death, different situations are presented. The liability may have attached to the estate before the assets were distributed; or it may have arisen subsequently to distribution. Taking up first the former of these situations, the liability of the heirs, etc., to the extent of the assets received, seems clear, assuming, as the cases previously set out generally hold, that the liability is not terminated by the stockholder's death.'' 79 A. L. R. 1553.

The order dismissing the bill of complaint is reversed and set aside, with costs to the plaintiff, and the cause remanded for further proceedings.

POTTER, C. J., and NORTH, FEAD, WIEST, BUTZEL, and EDWARD M. SHARPE, JJ., concurred with NELSON SHARPE, J.

BUSHNELL, J. (*dissenting*). I am unable to concur, in the absence of any allegations in the bill of complaint of fraudulent concealment on the part of the executor, trustee or devisees. I do not conceive it to be the duty of an executor to seek out those who may, under any and all circumstances, have claims against an estate. The notices required by the probate law of this State would thereby lack purpose and become unimportant. The conservator and receiver of the bank (in this instance the same individual) was just as much bound by the public records and notices of this estate as any other person.

Two recent cases, while not exactly in point, are of interest, *Forest* v. *Jack*, 294 U. S. 158 (55 Sup. Ct. 370, 96 A. L. R. 1457), and *Seabury* v. *Green*, 294 U. S. 165 (55 Sup. Ct. 373, 96 A. L. R. 1463). See, also, *In re Thayers' Estate*, 210 Mich. 696.

The decree dismissing the bill should be affirmed.