The deceased prior to his death, March 29, 1932, was the owner of 255 shares of stock (par value $10) of the American Home Security Bank, a Michigan banking corporation, located in the city of Grand Rapids. The bank at that time was a going institution, and continued as such until closed by proclamation of the governor of the State, on February 14, 1933. The bank remained closed until February 21, 1933, when it was permitted, under gubernatorial proclamation, to reopen and operate on a restricted basis.
On March 23, 1933, a conservator was appointed for the bank, and it proceeded to operate on the restricted basis under the direction of the conservator until October 2, 1933, when a receiver was appointed for it under the emergency banking act (Act No. 32, Pub. Acts 1933). On November 15, 1933, the banking commissioner ordered an assessment of the "double liability" of the bank stockholders.
During the time following the death of Mr. Graham, the executors of his estate retained the bank stock held by Graham in his lifetime, as part of his estate. *Page 323 
On July 27, 1934, the receiver petitioned the probate court of Kent county to reopen the estate to claims. The petition was granted and the receiver thereupon filed his claim against the estate for the assessment in the sum of $2,550. A commissioner on claims was appointed, and he, on March 5, 1935, allowed the claim with interest from November 15, 1933. Appeal was taken to the circuit court, where the claim was again allowed, and now the matter is before us on appeal.
The appellants contend here, as they did in the circuit, that the probate court has no jurisdiction to consider or allow this claim, because it arose after the death of Graham.
Other questions are raised, but obviously if appellants' contention, as above outlined, is sustained, they need not be considered.
Did the probate court have jurisdiction to hear and determine this claim?
The jurisdiction of the probate court is prescribed only by statute. MacKenzie v. Union Guardian Trust Co., 262 Mich. 563;Freeman v. Wayne Probate Judge, 230 Mich. 455.
Probate courts are incapable of dealing completely with ordinary rights, but always have been regarded as courts for peculiar and limited purposes, which are outside ordinary litigation. Burgess v. Jackson Circuit Judge, 249 Mich. 558;Rodgers v. Huntley, 166 Mich. 129; Detroit, L. N. R. Co. v.Livingston Probate Judge, 63 Mich. 676.
Section 15674, 3 Comp. Laws 1929, provides for the appointment of commissioners, "to receive, examine and adjust all claims and demands of all persons against the deceased except in the following cases: 1. When it shall appear that there are no debts existing against such deceased person." *Page 324 
We held in Hamler v. Shiawassee Circuit Judge, 227 Mich. 235, that the word "debts" as used in the above statute has a limited meaning, and we there indicated that it was persuasive of a construction which contemplated only "debts" existing at the time of the death of deceased.
The liability, if any there was, arose by virtue of the terms of 3 Comp. Laws 1929, § 11945, which reads:
"The stockholders of every bank shall be individually liable, equally and ratably, and not one for another, to satisfy the obligations of said bank to the amount of their stock at the par value thereof, in addition to the said stock; but persons holding stock as executors, administrators, guardians or trustees, and persons holding stock as collateral security, shall not be personally liable as stockholders, but the assets and funds in their hands constituting the trust shall be liable to the same extent as the testator, intestate, ward or person interested in such trust funds would be, if living or competent to act; * * * Such liability may be enforced in a suit at law or in equity by any such bank in process of liquidation, or by any receiver, or other officer succeeding to the legal rights of said bank."
Graham was a "stockholder" within the meaning of the statute, during his lifetime. But at that time there was no liability upon such stockholder. The bank was then solvent. It remained solvent until many months after his death. Prior to his death there was not even a contingent liability as to Graham.Lawrence v. De Boer, 273 Mich. 172. There was then no debt existing against the deceased. Wedemeyer v. Hindelang,161 Mich. 600.
After Graham's death, the stock was held by his executors. *Page 325 
The legislature provided for such a contingency in section 11945 of the statute quoted above, wherein it fixed the liability of persons holding stock as executors, etc., upon the "assets and funds in their hands;" and provided that the assets and funds in their hands shall be liable to the same extent as the testator * * * would be if living."
Then follows the provision that "such liability may be enforced in a suit at law or in equity."
No mention is made in the statute of the enforcement of such liability in probate court. It would seem therefore that the legislature did not intend that it should be considered a debt of the deceased, for which claim could be filed in probate court (see In re Estate of Reynolds, 274 Mich. 354, 361), but rather as a debt or claim to be enforced, if at all, by plenary suit in law or equity, against the estate.
The late Mr. Justice NELSON SHARPE in Lawrence v. De Boer,supra, said:
"We * * * are of the opinion that when the stockholder dies before the assessment is made the obligation then becomes that of his estate and should be treated the same as any other indebtedness which matures after his death."
The liability did not arise until the assessment was levied. This was after the death of deceased. It was therefore not a debt of deceased, nor "claim and demand" against him, within the meaning of section 15674, but rather a debt of his estate within the provisions of section 11945. State Banking Co. v.Hinton, 178 Ga. 68 (172 S.E. 42, 91 A.L.R. 596); Berlin v.Rainwater, 174 Ark. 66 (294 S.W. 368); Drain v. Stough (C. C. A), 61 Fed. (2d) 668 (87 A.L.R. 490).
The probate court had no jurisdiction to allow the receiver's claim. *Page 326 
The judgment of the circuit court is reversed without new trial, and with costs to defendant.
NORTH, C.J., and FEAD, WIEST, BUTZEL, and EDWARD M. SHARPE, JJ., concurred with TOY, J.
BUSHNELL, J., concurred in the result. POTTER, J., took no part in this decision.