## TEAGAN v. SCHRAM.

### No. 7993.

Circuit Court of Appeals, Sixth Circuit.

March 7, 1940.

Sidney K. Meyer, of Detroit, Mich. (Edward C. Moran, of Detroit, Mich., on the brief), for appellant.

Roy G. Holmes, of Detroit, Mich. (Robert S. Marx and Carl Runge, both of Detroit, Mich., on the brief), for appellee.

Before HICKS, HAMILTON, and ARANT, Circuit Judges.

ARANT, Circuit Judge.

Appellee brought suit in the District Court to recover an assessment upon stock owned by John G. Telford in the First National Bank—Detroit. Appellant's defense is that the claim has been denied by a Commissioner on Claims against the estate of the deceased stockholder, appointed by the Probate Court of Wayne County, Michigan, and that the unappealed decision of the Commissioner is a bar to the present suit. Appellee contends that the Commissioner had no jurisdiction and that his decision was consequently void and unappealable. The District Court held the lat-

ter contention valid and gave judgment for appellee.

The facts have been stipulated.

At his death, on May 15, 1933, John G. Telford, appellant's testate, owned 430 shares of the capital stock of the Detroit Bankers Company, a Michigan corporation. Ownership of 430 shares of Detroit Bankers stock is, in fact, ownership of 60.4398 shares of the capital stock of First National Bank—Detroit, which closed its doors on February 11, 1933, and was declared insolvent by the Comptroller of the Currency of the United States on May 11, 1933. Appellee is the duly appointed receiver of said bank. Pursuant to the authority of 12 U.S.C.A. §§ 64 and 66, the Comptroller of the Currency levied an assessment upon each stockholder for the par value of his stock, payable July 31, 1933. To recover the assessment, this suit was brought. It appears that Telford's estate is undistributed and solvent.

Appellant's defense is based upon the following facts:

Pursuant to statute, the Probate Court appointed Curtis D. Wernette Commissioner on Claims to receive, examine and adjust all claims against the deceased, within the time provided in his commission, which expired August 24, 1934. On or about November 9, 1934, appellee presented and left with one Moran, attorney for the executrix of the estate, a claim for $6,043.98, based upon the stock assessment aforesaid. Appellee, at the insistence of Moran, petitioned the Probate Court for and obtained an order reviving the Commissioner on Claims, for a period of thirty days, beginning February 20, 1935.

On May 10, 1935, Moran orally advised appellee that his claim had been denied, but said he would like to work out some compromise and would not have the Commissioner's report filed until further notice. Appellee did not accept an offer by Moran of 50% in settlement. On October 17, 1935, Moran advised appellee by letter that the claim had been denied, but that he had requested the Commissioner not to file his report pending further negotiations for settlement. On January 17, 1936, appellee's attorney by letter requested the Commissioner to disregard and return appellee's claim.

Before the Commissioner filed his report, on February 7, 1936, formally disallowing appellee's claim, appellee had brought this suit to obtain an accounting for the pur-

pose of determining the proportionate part of the aforementioned assessment chargeable to the 430 shares of Detroit Bankers Company stock owned by the deceased, to fix liability of the estate for the amount of such assessment, and to restrain appellant, until such liability is determined, from closing the estate.

To the bill of complaint in this suit appellant filed answer, pleading the defense of res judicata, based upon the aforementioned proceedings.

The District Court concluded that the Commissioner on Claims had no jurisdiction and that his adjudication disallowing the claim was void.

Since it is undeniable that appellee's claim became absolute on May 16, 1933, when the Comptroller of the Currency ordered the assessment, appellant contends that it was thereafter a proper claim to present to the Commissioner on Claims; that, upon revival of the Commissioner, he had jurisdiction to receive, examine and adjudicate the claim; and that his adjudication disallowing it is entitled to full faith and credit.

Appellee contends that the Commissioner had no jurisdiction to pass upon his claim because it is based upon an assessment made after Telford's death; and that neither by consent nor by conduct could appellee or representatives of Telford's estate confer jurisdiction upon either the original or the revived Commissioner.

The principles governing the problem presented in this case have recently been considered by the Supreme Court of the United States in the case of Pufahl v. Estate of Parks, 299 U.S. 217, 57 S.Ct. 151, 156, 81 L.Ed. 133, in which the receiver of a national bank sought to collect an assessment from the estate of a deceased stockholder that was made after his death. The executor having refused to pay, the receiver filed a claim in the Probate Court of Cook County, Illinois, where it was disallowed. On appeal to the Circuit Court, where the case was tried de novo, the claim was again disallowed as against undistributed assets inventoried within one year from the date of the grant of letters, because the claim did not accrue and was not presented to the Probate Court within that period; but the claim was allowed as to assets not inventoried within the year, though it appeared that the executor had in his possession inventoried assets in excess of the amount of the assessment, the estate was solvent and no assets were inventoried or discovered after one year from the granting of the letters. The Appellate Court affirmed this decision, and it, in turn, was affirmed by the Supreme Court of the United States.

In his opinion, Mr. Justice Roberts made it clear that the receiver could have had the validity and amount of his claim adjudicated in a federal court. He said, however, that had this course been followed, it would have been necessary for the receiver to present any judgment obtained to the probate court if he desired payment thereof from assets under the control of that court; that the federal court could do no more than adjudicate the validity and amount of the claim; that a judgment would not entitle the receiver to interfere with the administration of the res by the court having its possession. "The marshaling of that claim with others, its priority, if any, in distribution, and all similar questions," he said, "are for the probate court upon presentation to it of the judgment or decree of the federal court."

Mr. Justice Roberts added, however, that if the receiver elects to prove his claim in the state court, he is bound by the laws of the state "as to the enforcement of such claims, provided those laws are nondiscriminatory and operate equally upon all claims of the class in which his belongs." He also said: "If the state law requires a claim for an assessment to be prosecuted in an action of debt the receiver cannot elect to bring some other form of action or to sue in equity; conversely, if the law prescribes a suit in equity the receiver cannot bring an action at law. And if under the state statutes demands against a decedent's estate must be proved in a probate court the receiver cannot pursue some other form of action."

In the case at bar, the receiver attempted in the first instance to establish the validity and extent of his claim in a state court; to accomplish this, it was necessary for him to select the proper tribunal under the law of that state. Although the receiver first acted in the belief that the Commissioner on Claims had jurisdiction to adjudicate his claim, the law of Michigan is well settled that the Commissioner had no such jurisdiction. His report disallowing the claim was, in consequence, void and appeal unnecessary.

It appears to us to be beyond question that assessments against owners of

stock in national and in state banks, under so-called "double liability" statutes, give rise to claims that belong in the same class, or to "debts of like nature," as Mr. Justice Roberts expressed it. We regard as without substance the argument that this is not so because the Michigan statute, not otherwise distinguishable from the federal statute, contains the following additional provision: " * * * Such [double] liability may be enforced in a suit at law or in equity by any such bank in process of liquidation, or by any receiver, or other officer succeeding to the legal rights of said bank."

Under either statute, the purchaser of stock is contingently liable for an amount equal to the par value of his stock. Under neither does such liability become an unconditional, instantly enforceable obligation or debt until the assessment is made as provided in the statute. When, however, assessments are made under these statutes, the resulting obligations are of like nature.

The Michigan decisions have made clear the rule applicable to state bank assessments.

In Buchoz v. Pray, 36 Mich. 429, and Campau v. Miller, 46 Mich. 148, 9 N.W. 140, it was decided many years ago that a Commission on Claims appointed by a Probate Court has no power to adjudicate contingent claims.

In Lawrence v. DeBoer, 273 Mich. 172, 262 N.W. 660, 661, an assessment was made after the death of a stockholder in a state bank. Each distributee, in writing, had declined to accept any of the stock and had stated that he would assume no responsibility on account thereof. The estate had been distributed and closed when suit was filed in the Circuit Court to enforce payment of the assessment by those to whom the estate of the deceased passed under the will. It was contended that the court had no jurisdiction of the subject matter and that the cause of action, if any ever existed, was not brought within the time limited by law. The trial court dismissed the bill. The Supreme Court said: "A controlling question here presented is whether the omission to file a claim against the estate with the commissioners bars plaintiff's right of recovery or, in other words, does this section [Section 15708, 3 Comp.Laws 1929] apply to the liability of the deceased as a stockholder for an assessment which may be made against him after his death? * * * We * * * are of the opinion that when the stockholder dies before the

assessment is made the obligation then becomes that of his estate and should be treated the same as any other indebtedness which matures after his death." The order dismissing the bill was reversed.

The facts in Re Graham's Estate, 276 Mich. 321, 267 N.W. 629, 631, are indistinguishable from those in the case at bar, except that the assessment there was made against the owner of stock in a state bank. In that case, as in the case at bar, the receiver petitioned the probate court to revive the Commissioner. The Commissioner, however, allowed the claim and, on appeal, was sustained by the Circuit Court. The Supreme Court, however, held that the probate court had no jurisdiction to allow the receiver's claim, quoted with approval from Lawrence v. DeBoer, supra, and added: "The liability did not arise until the assessment was levied. This was after the death of deceased. It was therefore not a debt of deceased, nor 'claim and demand' against him, within the meaning of section 15674, but rather a debt of his estate within the provisions of section 11945."

The distinction suggested in Re Graham's Estate, supra, was observed in Re Burger's Estate, 276 Mich. 485, 267 N.W. 887, decided the following day. The assessment in that case had been made prior to the death of the stockholder. The claim was presented to the Commissioners and disallowed. On appeal to the Circuit Court, the claim was sustained, and that court's decision was affirmed by the Supreme Court.

We are of the opinion that it is clear from the foregoing cases that the Commissioner on Claims had no power to adjudicate the receiver's claim in the case at bar, and that his disallowance of the claim was, in consequence, void and appeal unnecessary. It follows that res judicata is no defense, and the receiver was as free thereafter to begin a suit in a federal court to establish the validity and extent of his claim as if no action had ever taken place in the Probate Court or before the Commissioner.

We do not here consider the steps that must be taken by the receiver to realize upon his judgment. As was made clear in Pufahl v. Estate of Parks, supra, the procedure prescribed by the law of Michigan governs that matter.

The judgment of the District Court is affirmed.