## SCHRAM v. WUNSCH et al.

### Civ. A. No. 1170.

District Court, E. D. Michigan, S. D.

Aug. 26, 1941.

Robert S. Marx, Carl Runge, and Roy G. Holmes, all of Detroit, Mich., for plaintiff.

Edward S. Wunsch, of Detroit, Mich., for defendant.

LEDERLE, District Judge.

1. First National Bank-Detroit is a national banking association of Detroit, Michigan.

2. Said First National Bank-Detroit did not resume the conduct of normal banking business subsequent to 12 o'clock noon Eastern Standard Time, February 11, 1933. On March 13, 1933, the Comptroller of the Currency of the United States appointed a Conservator for said bank, which conservatorship thereafter continued until May 11, 1933, when the said Comptroller of the Currency, having found and declared said bank to be insolvent, appointed a receiver therefor. Said bank has been continuously since that time in the hands of a receiver appointed by the Comptroller of the Currency of the United States, and the plaintiff, B. C. Schram, is the duly appointed, qualified and acting receiver of said bank at the present time.

3. On May 16, 1933, the Comptroller of the Currency of the United States duly levied a 100% assessment against the shareholders of said First National Bank-Detroit, and made the same payable July 31, 1933.

4. In the representative or class suit of Barbour v. Thomas, in this Court, 7 F. Supp. 271, affirmed, 6 Cir., 86 F.2d 510, certiorari denied, 300 U.S. 670, 57 S.Ct. 513, 81 L.Ed. 877, it was found, determined, adjudged and decreed that the stockholders of Detroit Bankers Company, a Michigan corporation, were liable for the assessment levied by the Comptroller of the Currency against the shareholders of said First National Bank-Detroit to the extent of $14.055775 per share of Detroit Bankers Company stock.

5. On February 11, 1933, and at all times thereafter, Minna Stange was the owner of 1100 shares of the capital stock of said Detroit Bankers Company.

6. Said Minna Stange died March 9, 1933, leaving a will which was admitted to probate by the probate court for Wayne County. Michigan, on or about April 20, 1933 (Probate File No. 186,904). Henry Wunsch qualified as executor of the estate of Minna Stange, deceased, on May 3, 1933. The aforementioned 1100 shares of Detroit Bankers Company stock passed into the hands of said executor, along with the other personal property of said decedent.

7. The said Henry Wunsch, as executor of said estate, failed to pay to the plaintiff the assessment liability pertaining to the said 1100 shares of Detroit Bankers Company stock, closed the administration of said estate, on or about June 6, 1934, and distributed the residue of said estate in equal shares to the defendants Hugo A. Stange, Fred C. Stange, Meta Stange Biske, and Dorothea Stange Anger, and to the said Henry Wunsch, as trustee under will of Minna Stange, deceased, for Emilie Thurber.

8. Exclusive of the aforementioned 1100 shares of Detroit Bankers Company stock, the estate of Minna Stange, deceased, inventoried over $125,000 in value, and each of the aforementioned defendants, and Henry Wunsch, as trustee under will of Minna Stange, deceased, for Emilie Thurber, received and accepted as his or her share of the residue of said estate upon final distribution, a sum in excess of $20,-000, but they specifically and jointly and severally declined and refused to accept the said 1100 shares of Detroit Bankers Company stock, or any part thereof.

9. The said Henry Wunsch was discharged as executor of said estate on June 6, 1934, and his bond cancelled. The said Henry Wunsch died on or about February 11, 1941, and Edward F. Wunsch is the duly qualified and acting executor of

his estate, and as such executor was made a party defendant in this cause by order of this Court dated June 23, 1941.

10. The principal assessment liability to the plaintiff receiver pertaining to the aforementioned 1100 shares of Detroit Bankers Company stock was originally $15,461.35, on which the following payments have heretofore been made:

| | | |
|---|---|---|
| October | 12th, 1938 – | $2,000.00 |
| February | 21st, 1939 – | 6,000.00 |
| September | 6th, 1940 – | 1,200.00 |
| October | 9th, 1940 – | 1,200.00 |
| November | 9th, 1940 – | 1,200.00 |
| December | 14th, 1940 – | 1,200.00 |
| January | 16th, 1941 – | 1,200.00 |

11. Whatever right, title and interest Detroit Bankers Company, a Michigan corporation, and/or its receiver, had or claimed to have in and to the proceeds of the assessment levied by the Comptroller of the Currency against the shareholders of First National Bank-Detroit on May 16, 1933, and in and to the right to collect or enforce such assessment, have been duly assigned to the plaintiff by the receiver of Detroit Bankers Company, a Michigan corporation, under order of the circuit court for Wayne County, Michigan, in chancery.

## Conclusions of Law.

■ 1. On May 16, 1933, by virtue of the assessment levied by the Comptroller of the Currency of the United States against the shareholders of First National Bank-Detroit, the estate of Minna Stange, deceased, became liable for that portion of such assessment as pertained to the 1100 shares of Detroit Bankers Company stock owned by the estate, and registered in the name of the decedent at the rate of $14.055775 per share of Detroit Bankers Company stock, together with interest thereon at 5% from and after July 31, 1933. Barbour v. Thomas, D.C., 7 F.Supp. 271, affirmed, 6 Cir., 86 F.2d 510, certiorari denied, 300 U.S. 670, 57 S.Ct. 513, 81 L.Ed. 877; Bowden v. Johnson, 107 U.S. 251, 2 S.Ct. 246, 27 L.Ed. 386.

■ 2. The liability for such assessment pertaining to said shares having accrued subsequent to the date of decedent's death, it was not a debt of deceased, and, therefore, not necessary or proper for the plaintiff to present the claim therefor to the commissioners on claims in said estate, but it became and was the duty of the executor of said estate to pay the same as a claim accruing during the course of administration. Lawrence v. De Boer, 273 Mich. 172, 173, 262 N.W. 660; In re Graham's Estate, 276 Mich. 321, 267 N.W. 629; Teagan v. Schram, 6 Cir., 110 F.2d 72.

■ 3. The said Henry Wunsch became and was personally liable, and his estate is now liable, to the plaintiff for payment of the plaintiff's said assessment claim, together with all interest thereon, and the costs of this action, by reason of devastavit committed to the prejudice of the plaintiff in the course of the administration of the estate of Minna Stange, deceased, and the final distribution of the assets of said estate, having a value of over $100,000, in disregard and without payment of the plaintiff's said claim. Rankin v. Miller, D. C., 207 F. 602; Miller v. Hamner, 3 Cir., 269 F. 891; Gilbertson v. McCarthy, 8 Cir., 32 F.2d 665-668; Luce v. Thompson, 8 Cir., 36 F.2d 183–186.

■ 4. The assessment liability to the plaintiff pertaining to the aforementioned 1100 shares of Detroit Bankers Company stock standing in the name of Minna Stange continued and continues unimpaired, since the shares were never transferred out of her name, and no valid assignment of the shares was made by final distribution. Matteson v. Dent, 176 U.S. 521, 20 S.Ct. 419, 44 L.Ed. 571; Seabury v. Green, 294 U.S. 165, 55 S.Ct. 373, 79 L.Ed. 834, 96 A.L.R. 1463.

■ 5. Each of the defendants, to wit, Hugo A. Stange, Fred C. Stange, Meta Stange Biske, and Dorothea Stange Anger, having received upwards of $20,000 as his or her share of the residue of the estate of Minna Stange, deceased, an amount in excess of the unpaid balance of the plaintiff's claim, with interest thereon, is severally liable to the plaintiff for the payment of his said claim, together with interest thereon, and the costs of this suit. Schutz v. Read, 284 Mich. 548, 561, 280 N.W. 45; Matteson v. Dent, 176 U.S. 521, 20 S.Ct. 419, 44 L.Ed. 571; Seabury v. Green, 294 U.S. 165, 55 S.Ct. 373, 79 L.Ed. 834, 96 A. L.R. 1463; Glass v. Crossman, 289 Mich. 130, 131, 286 N.W. 184; Muckenfuss v. Marchant, 4 Cir., 105 F.2d 469.

Judgments may be entered in accordance with these findings.