*In re* McLEOD ESTATE.

1. ESTATES OF DECEDENTS—DELAYED APPEALS—DEBTS OF ESTATE.
   The term *debts of said estate*, as employed in section of probate code pertaining to time when delayed appeals may be allowed, was intended to refer to obligations which at the death of the obligor become collectible by claim against his estate or suit against his fiduciary, and inheritance and succession taxes are not considered debts of the estate under such section (CL 1948, § 701.44).

2. SAME—DELAYED APPEAL BY WIDOW—DEBTS OF ESTATE.
   Widow's application for leave to take a delayed appeal from order of probate court allowing second account of executors, approving for payment certain executors' and counsel fees, and directing a partial distribution of the estate, made over 9 months after entry of such order was not authorized by statute barring such an appeal after payment of debts of the estate, notwithstanding State inheritance and Federal estate taxes had not been paid (CL 1948, § 701.44; Court Rule No 75, § 6[d], as amended).

3. COURTS—COURT RULES—STATUTES—DELAYED APPEAL.
   Provision of court rule limiting time within which leave to appeal may be granted by circuit court in certain counties to review an order of the probate court to that within such further time as may be permitted by law, incorporates pertinent section of probate code by reference under circumstances, where statute gives circuit court discretion to allow a delayed appeal within certain limits (CL 1948, § 701.44; Court Rule No 75, § 6[d], as amended).

Appeal from Wayne; Bohn (Theodore R.), J. Submitted December 5, 1962. (Calendar No. 90, Docket No. 49,781.) Decided January 11, 1963.

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur, Executors and Administrators § 348.
[2, 3] 21 Am Jur, Executors and Administrators §§ 541–544.

In the matter of the estate of Clarence J. McLeod, deceased. On petition of Mary Louise DeMarco McLeod, widow, and Manufacturers National Bank of Detroit, coexecutors, order entered allowing account and providing for partial distribution. Eugenie McLeod Lilly, daughter, applied to circuit court for leave to take delayed appeal. Order entered granting leave. Coexecutors appeal. Rosemary McLeod Rabaut, daughter, and Malcolm McLeod, son, appear in support of circuit court order. Reversed and remanded.

*Peter I. Chirco* (*Raymond, Chirco, Fletcher, Cohan & Donaldson,* of counsel), for plaintiff coexecutors.

*Albert J. Lilly, Jr.* (*William Murray,* of counsel), for defendant Eugenie McLeod Lilly.

*Joseph W. Louisell* (*Michael K. Hegarty,* of counsel), for defendants Rosemary McLeod Rabaut and Malcolm McLeod.

Per Curiam. December 21, 1960, the Wayne probate court entered an order allowing the second account of the executors, directing partial distribution of the estate, and approving for payment certain executors' and counsel fees. The order also directed partial distribution of the estate. All this was done pursuant to a petition filed July 13, 1960, by the coexecutors. Such partial distribution was in accordance with that construction (disputed) of the will which entitled the widow to 1/3 of the gross estate.[1]

---

[1] The provision made by the testator, for his wife, reads:

"I give, devise and bequeath to her so much of the rest, residue and remainder of my estate as shall equal 33-1/3% of the value of my estate. The portion of my estate so given to my wife under this article of my will shall not be diminished by the payment of any taxes, State or Federal."

One of the testator's daughters, Eugenie McLeod Lilly, appellee here, had appeared previously with challenge of that part of the petition which sought approval and payment of counsel fees. Neither she nor her attorney was present at the December 21st hearing although they had due notice thereof.

October 3, 1961, Mrs. Lilly filed in circuit an application for leave to take delayed appeal from the above order. Her purpose among other things was that of obtaining a determination that the widow, by allegedly proper construction of the will, should receive 1/3 of the net estate *after* deductions for debts and administrative costs. Mrs. Lilly was granted such leave by circuit court order entered November 15, 1961. From such order the coexecutors appeal upon leave granted.

The sole question is whether Mrs. Lilly's application to circuit for leave to take a delayed appeal, from the probate order of December 21st, was late under section 44 of chapter 1 of the probate code; (CL 1948, § 701.44 [Stat Ann 1962 Rev § 27.3178 (44)]).

Section 43[2] of the chapter allows, upon requisite showing, delayed appeals from probate court orders. Section 44 then proceeds:

"No such appeal as provided in the preceding section shall be allowed without due notice to the party adversely interested, nor unless the petition therefor shall be filed within 1 year after the making of the decree or order complained of, and then such appeal shall not be allowed if the debts of said estate have been paid, or the estate distributed in due course of law."

The parties appellant and appellee duel over allegation of the coexecutors and denial by the daughter-legatee that the "debts" of the estate have been

---

[2] CL 1948, § 701.43 (Stat Ann 1962 Rev § 27.3178[43]).—RE-PORTER.

paid. That the "debts" proper have been paid was established below. But appellee insists:

"Until the issuance of the Federal estate tax clearance and the allowance of the final account, the true amount due the State of Michigan cannot be determined and there is at least 1 debt of the estate not paid."

Following the reasoning of the Court in *Hamler* v. *Shiawassee Circuit Judge,* 227 Mich 235, and *In re Graham's Estate,* 276 Mich 321,[3] we hold that the phrase "debts of said estate," as employed in section 44, was intended to refer to obligations which at death of the obligor become collectible by claim against his estate or suit against his fiduciary, and that inheritance and succession taxes are not debts of the estate so far as section 44 and its application are concerned. Such ruling is in accord with what was said in *In re Quinlan's Estate,* 250 Mich 684.

In arriving at this conclusion Court Rule No 75, § 6(d) (1945),[4] has not been overlooked. The rule limits its relevantly permissive scope to allowance of delayed appeals "within such further time as may be permitted by law." This refers us in present context to said section 44. That section, having been incorporated in the rule, required denial of Mrs. Lilly's delayed application.

Reversed and remanded for entry of order in accord with this ruling. Costs to appellant executors.

CARR, C. J., and DETHMERS, KELLY, BLACK, KAVANAGH, SOURIS, and SMITH, JJ., concurred.

O'HARA, J., took no part in the decision of this case.

---

3 "We held in *Hamler* v. *Shiawassee Circuit Judge,* 227 Mich 235, that the word 'debts' as used in the above statute has a limited meaning, and we there indicated that it was persuasive of a construction which contemplated only 'debts' existing at the time of the death of deceased." (*In re Graham's Estate* at 324.)